Filed 10/19/22  P. v. Silva CA4/2
See Concurring Opinion

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

    Plaintiff and Respondent,

v.

KEITH ALLEN SILVA,

    Defendant and Appellant.

E078727

(Super.Ct.No. FVA701548)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Ingrid Adamson Uhler, Judge.  Affirmed.

Keith Allen Silva, in pro. per.; Thomas E. Robertson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

INTRODUCTION

A jury convicted defendant and appellant Keith Allen Silva of first degree murder (Pen. Code,[1] § 187, subd. (a)) and torture (§ 209), both of which were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)). In connection with the murder, the jury further found that a principal had used a firearm, discharged a firearm, and discharged a firearm causing death. (§ 12022.53, subds. (b), (c), (d) & (e)(1).) Defendant admitted having suffered a strike prior, and he was sentenced to prison for 75 years to life. (See *People v. Silva* (Sept. 16, 2013, E055801) [nonpub. opn.] (*Silva I*).) The gang enhancement and firearm enhancements were subsequently reversed. (*Id*. at p. 2.) In 2019, defendant filed a petition for resentencing under former section 1170.95.[2] (See *People v. Silva* (Oct. 1, 2020, E073150) [nonpub. opn.] (*Silva II*) at p. 3.) The trial court denied the petition, finding defendant ineligible for relief. (*Ibid*.) He appealed, and this court affirmed. (*Id*. at p. 10.)

On or about February 15, 2022, defendant filed, in propria persona, a "Motion to Rehear Motion to Vacate Conviction Under S.B. 775 Pursuant to P.C. § 1170.95 (a)." On March 1, 2022, the court denied the motion, noting that defendant's prior petition for resentencing under former section 1170.95 was previously denied and affirmed on

---

[1] All further statutory references will be to the Penal Code unless otherwise noted.

[2] This provision was renumbered without substantive change to section 1172.6, effective June 30, 2022. (See *People v. Strong* (2022) 13 Cal.5th 698, 708, fn. 2.) For the sake of clarity and consistency with appellant's brief, we will refer to the provision as former 1170.95.

appeal.  It also noted that changes in former section 1170.95 did not affect the previous ruling of the court.

Defendant filed a timely notice of appeal, in propria persona.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND[3]

" 'On April 4, 2003, defendant and his codefendant, both members and officers of a local chapter of the Vagos motorcycle club, participated, along with seven other members, in the beating of the victim, a club 'hang-around,' because the latter owed money to one of the other members and had not returned a truck belonging to yet another.  Then, defendant drove the bound victim, along with the codefendant, in his truck out to the desert where the victim was fatally shot.' " (*Silva I*, *supra*, at p. 2.)

"A jury convicted defendant, Keith Silva, of first degree murder (Pen. Code, § 187, subd. (a)) and torture (§ 209), both of which were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)).  In connection with the murder, the jury further found that a principal had used a firearm, discharged a firearm[,] and discharged a firearm causing death (§ 12022.53, subds. (b), (c), (d) & (e)(1)).  In bifurcated proceedings, defendant admitted having suffered a strike prior.  He was sentenced to prison for 75 years to life." (*Silva I*, *supra*, at pp. 1-2, fn. omitted.)  Defendant appealed, and this court reversed the gang enhancement findings as to both offenses and the firearm findings as to the murder.  (*Id*. at p. 2.)

---

[3]  The background of the underlying facts and proceedings is taken, in part, from our unpublished opinions in *Silva I* and *Silva II*.

"On April 15, 2019, after the passage of Senate Bill 1437, defendant filed a petition for resentencing under [former] section 1170.95 in propria persona. He filed a handwritten motion, claiming that the prosecutor failed to produce any factually relevant testimony or forensic evidence at trial to show that he aided, abetted, counseled, or participated in the killing or beating of the victim. He also filed a preprinted form and checked boxes stating that a charging document had been filed against him, allowing the prosecution to proceed under a felony-murder theory or the natural and probable consequences doctrine; he was convicted of first or second degree murder under one of those theories; he could not now be convicted of murder in light of changes to the law made by Senate Bill 1437; he was not the actual killer, nor did he aid and abet the actual killer with the intent to kill; and he was not a major participant in the felony and did not act with reckless indifference to human life. He also checked a box stating, 'I request that this court appoint counsel for me during this re-sentencing process.' " (*Silva II*, *supra*, at pp. 2-3.)

"On June 17, 2019, the trial court summarily denied the petition without appointing counsel or ordering briefing. The court's order stated: 'Petition[er] is not eligible for relief under PC1170.95 because he failed to make a prima facie showing that he falls within the provision of PC1170.95(C). The defendant was not convicted of murder under a theory of felony murder or under a theory of natural and probable consequences. There were no jury instructions for felony murder or natural probable consequences. The defendant was convicted of aiding and abetting in the commission of first degree murder with express malice.' " (*Silva II*, *supra*, at pp. 3-4.)

4

Defendant appealed the denial of his petition based on the failure to appoint counsel. (*Silva II*, *supra*, at p. 1.) This court affirmed the denial. In doing so, we noted that defendant was convicted of aiding and abetting in the commission of first degree murder with express malice. We further noted that defendant did not dispute his ineligibility for relief, but only contended the trial court was statutorily required to appoint counsel pursuant to former section 1170.95, subdivision (c), once he alleged that he satisfied the filing requirements for the petition. (*Silva II*, at pp. 6-7.)

At the time *Silva II* was decided, the Supreme Court was considering when the right to appointed counsel arose under former section 1170.95, subdivision (c). (*People v. Lewis* (2020) 43 Cal.App.5th 1128, review granted Mar. 18, 2020, S260598.) Pending further guidance from the Supreme Court, we agreed with the courts of appeal that interpreted former section 1170.95 to permit a trial court to make an initial determination of whether the petitioner may be entitled to relief without first appointing counsel. (*Silva II*, *supra*, at p. 7.) We again noted it was undisputed that defendant was convicted of murder without instruction or argument based on the felony-murder rule or the natural and probable consequences doctrine. Thus, we concluded that he did not fall within the provisions of former section 1170.95, and, accordingly, the appointment of counsel was not required. (*Silva II*, at p. 9.)

Defendant filed a petition for review, which the Supreme Court granted on December 16, 2020, deferring its consideration pending the disposition of the issue in *People v. Lewis*. (S265446.) On July 26, 2021, the Supreme Court issued its decision in *Lewis*, holding that (1) "petitioners are entitled to the appointment of counsel upon the

5

filing of a facially sufficient petition"; but (2) the *Watson* standard of prejudice governs this deprivation of the right to counsel. (*People v. Lewis* (2021) 11 Cal.5th 952, 957-958.)

The Supreme Court dismissed review of defendant's petition on January 5, 2022. (S265446.) On January 14, 2022, this court issued the remittitur, stating that the opinion in *Silva II* had become final.

On or around February 15, 2022, defendant filed a "Motion to Rehear Motion to Vacate Conviction Under S.B. 775 Pursuant to P.C. § 1170.95 (a)" (hereinafter, motion to rehear the petition). He argued that the enactment of Senate Bill No. 775, which became effective on January 1, 2022, made him eligible for relief under former section 1170.95. Specifically, he asserted that Senate Bill No. 775 amended the statutory framework to encompass any "theory under which malice is imputed to a person based solely on that person's participation in a crime," such that eligibility was no longer limited to those defendants convicted on theories of "NPC murder" and "felony murder." He claimed the record would show the prosecution used "a gang theory" to impute malice on him. Defendant also requested the appointment of counsel.

On March 1, 2022, the trial court denied defendant's motion to rehear his petition. The minute order stated: "Appeal already has been dismissed. The Petition for Resentencing pursuant to [former] PC1170.95 was denied previously and affirmed on Appeal. Request for rehearing is denied. Changes in [former] PC1170.95 do not affect the previous ruling of the Court."

Defendant filed a timely notice of appeal.

6

Defendant appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436, and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and two potential arguable issues: (1) whether the trial court erred by failing to appoint counsel for defendant before summarily denying his motion, and whether that error was prejudicial; and (2) whether amendments to former section 1170.95 made by Senate Bill No. 775 (Stats. 2021, ch. 557, § 2) rendered him eligible for relief under former section 1170.95. Counsel has also requested this court to undertake a review of the entire record.

While we understand that the appellate review procedures under *People v. Wende, supra*, 25 Cal.3d 436 and *Anders v. California, supra*, 386 U.S. 738, in which we review the record ourselves to determine whether there are any arguable issues, generally apply "only to a defendant's first appeal as of right" (*People v. Thurman* (2007) 157 Cal.App.4th 36, 45), we also recognize that we still retain discretion to conduct a *Wende/Anders* review in the interests of justice. (See generally *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544, fn. 7 ["The court may, of course, find it appropriate to retain the appeal."]; see also *People v. Flores* (2020) 54 Cal.App.5th 266, 269 [when appointed counsel files a *Wende* brief in an appeal from denial of a former section 1170.95 petition, appellate court is not required to independently review the entire record, but can do so in the interests of justice].) In this case, we exercise that discretion to conduct an independent review of the record, where counsel has already undertaken to comply with

7

*Wende* requirements, and defendant has been afforded an opportunity to file supplemental briefing and has done so.

Having undertaken an examination of the record, we find no arguable issues.

However, defendant has filed a supplemental brief, and we are required to evaluate his arguments and "issue a written opinion that disposes of the trial court's order on the merits." (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1040.) He filed a handwritten brief, arguing that: (1) it was error for the trial court to summarily deny his motion to rehear his petition without adjudicating it in light of Senate Bill No. 775 since his motion showed the prosecutor "used a theory under which malice was imputed on [him] for his participation in the crime"; (2) the lower court "never stated that [he] did not qualify under the new law, but only stated that [he] has already filed a P.C. 1170.95 petition which was under the old law . . ."; (3) he has a due process right for his petition to be adjudicated in light of Senate Bill No. 775; and (4) the court erred in summarily denying his motion to rehear without appointing counsel since he would have obtained a more favorable result because appointed counsel would have had the chance to argue he was entitled to file a new petition under former section 1170.95 in light of Senate Bill No. 775.

Contrary to defendant's claim that he was entitled to relief pursuant to Senate Bill No. 775 because he was convicted under a theory under which malice was imputed to him based solely on his participation in the crime, the record shows he was convicted of aiding and abetting in the commission of first degree murder with express malice. (*Silva II*, *supra*, at pp. 3-4, 6.) Furthermore, the trial court correctly observed that defendant's

8

petition for resentencing was previously denied and was affirmed on appeal, and the minute order reflects that in denying his request to rehear his petition, the court found the "[c]hanges in [former section] 1170.95 do not affect the previous ruling of the Court." Accordingly, the court properly denied defendant's motion to rehear the petition without appointing counsel, and he would not have obtained a more favorable result had counsel been appointed.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
J.

I concur:

McKINSTER
Acting P. J.

9

[*People v. Silva*, E078727]

RAPHAEL, J., Concurring.

I join in affirming for the reasons offered in the last two paragraphs of the majority opinion, which reject the arguments made by defendant and appellant Keith Allen Silva that he was entitled to relief from his first degree murder conviction under Penal Code section 1172.6, formerly denominated as section 1170.95. We properly hold that he was not convicted on an imputed malice theory; rather, he was convicted of acting with express malice in aiding and abetting the commission of first degree murder.

But we should stop upon rejecting his arguments, and we should not also "conduct an independent review of the record." (Maj. opn., *ante*, at p. 7.) Under normal procedures, courts do not independently search for meritorious issues beyond those raised. (See *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 542, fn. 5; *People v. Serrano* (2012) 211 Cal.App.4th 496, 503.) The majority "undertake[s] an examination of the record," and, not surprisingly in this situation, uncovers no meritorious issues to help Silva. (Maj. opn., *ante*, at p. 8.)

An "independent" hunt for issues that might aid Silva is not only outside normal procedures, but it is unnecessary. Once we have rejected his arguments because he was convicted on a theory that makes him ineligible for relief under the statute he relies on, there is nothing more to search for.

RAPHAEL
J.

1